IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
GREENBELT DIVISION

IN RE:

GERALD BURTON                                    Chapter 13

Debtor

Case No.: 06-18349

## MOTION FOR RULE 2004 EXAMINATION OF THE DEBTOR

NOW COMES, Demetrius C. Nickens, and hereinafter referred to as "Creditor", in proper person and files this Motion For Rule 2004 Examination Of The Debtor and in support state:

1. The Debtor commenced this voluntary case under Chapter 13 of the Bankruptcy Laws on December 21st, 2006 in the U.S. Bankruptcy Court for the District of Maryland Greenbelt Division.

2. Simultaneously with the filing of this Motion, Creditor has filed a Motion to Dismiss Pursuant to 11 U.S.C 1307(c)(2) based on several misstatements in his bankruptcy schedules. A review of the Debtor's schedules revealed several misstatements regarding his income and also with respect to businesses that he has an interest in.

3. Debtor is the owner and operator of Burton and Burton Process Servers *aka* B & B Process Servers which is in the business of collection of past due judgments and service of process for attorneys.

4.  The Debtor has not listed his interest in the business nor has he listed the income that he receives from said business on his schedules as required by the rules.

5.  It is alleged by the Creditor that this is an intentional effort of Mr. Burton to deceive creditors and conceal his assets from this Court.

6.  Upon information and belief Debtor did not list Burton and Burton or B & B Process Servers on his last Chapter 13 Filing.

7.  Although Burton and Burton is a dissolved Maryland Corporation, Mr. Burton still trades as "Burton & Burton" and "B & B Process Servers" and receives income from the proceeds of such services, therefore needing to notice the Court of its existence.

8.  The debtor in his schedules filed and signed a sworn affidavit that the information provided was true and correct. Specifically the Debtor signed his statement of financial affairs which attested that he has read the statements and that they are true and correct. Moreover, he had an opportunity to advise the Chapter 13 Trustee at his meeting of creditors regarding his additional assets yet he did not present a truthful testimony either by his omission or commission of the facts.

9.  It is necessary that the Creditor have an opportunity to examine the financial records of the business so that he may determine the next course of action.

WHEREFORE, Premises Considered, The Creditor respectfully request that:

A.  That the Debtor Gerald Burton a/k/a Jerry Burton a/k/a Burton and Burton a/k/a B & B Processor Serving be examined.

B.  That the examination take place on July 13, 2007 at 12:00 noon, at 2123 Maryland Ave Ste 300, Baltimore, MD 21218.

C.  That testimony be taken as to the business B & B Processing a/k/a Burton and Burton and any other business's that the Debtor owns.

D.  That he produce all financial statements, tax returns, bank statements, credit card statements, advertising invoices, clients lists, check books, profit and loss statements, employee list, debtor's list and licenses to conduct said business.

Respectfully Submitted,

/s/
_____
**Demetrius Nickens**
2123 Maryland Ave
Baltimore, Maryland 21218
410-962-1066 x4090
Creditor/Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Motion for Rule 2004 Examination has been mailed first class mail, postage prepaid on June 23rd, 2007 to: Debtor Gerald Burton, C/o Counsel via electronic notice, Chapter 13 Trustee, via electronic notice , U.S. Trustee's Office and American Home C/o Counsel via electronic notice and all creditors of record.

/s/
_____
**Demetrius Nickens**