IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
GREENBELT DIVISION

IN RE:

GERALD BURTON                                             Chapter 13

Debtor

Case No.: 06-18349

## MOTION TO DISMISS CASE OR IN THE ALTERNATIVE CONVERT CASE TO CHAPTER 7

NOW COMES, Demetrius C. Nickens *D/b/a* The Nickens Group, and hereinafter referred to as "Creditor", in proper person and files this Motion To Dismiss Case or In The Alternative Convert Case To Chapter 7 and in support alleges:

1. The Debtor commenced this voluntary case under Chapter 13 of the Bankruptcy Laws on December 21st, 2006 in the U.S. Bankruptcy Court for the District of Maryland Greenbelt Division.

2. A review of the Debtor's schedules reveals several misstatements regarding his income and also with respect to businesses that he has an interest in.

3. Debtor is the owner and operator of Burton and Burton Process Servers *aka* B & B Process Servers which is in the business of collection of past due judgments and service of process for attorneys. See Exhibit A, Recent Lawsuit Filings against the company and debtor as owner of the company,

<u>Advertisements on Google for the Business and Inserts from Debtor's Website including archived copies.</u>

4. The Debtor has not listed his interest in the business nor has he listed the income that he receives from said business on his schedules as required by the rules.

5. This constitutes an intentional effort of Mr. Burton to deceive creditors and conceal his assets from this Court.

6. Upon information and belief Debtor did not list Burton and Burton or B & B Process Servers on his last Chapter 13 Filing.

7. Although Burton and Burton is a dissolved Maryland Corporation, Mr. Burton still trades as "Burton & Burton" and "B & B Process Servers" and receives income from the proceeds of such services, therefore needing to notice the Court of its existence. Upon information and belief Debtor is also known as "Jerry Burton" in which he also failed to disclose to this Court. <u>Exhibit B Lawsuit Filed by American Home Contractors which is also listed as creditors in Debtor's Bankruptcy Filings and several other lawsuits filed by Mr. Burton and against Mr. Burton.</u>

8. The debtor in his schedules filed and signed a sworn affidavit that the information provided was true and correct. Specifically the Debtor signed his statement of financial affairs which attested that he has read the statements and that they are true and correct. Moreover, he had an opportunity to advise the Chapter 13 Trustee at his meeting of creditors

regarding his additional assets yet he did not present a truthful testimony either by his omission or commission of the facts.

9.   It is reasonable to believe that the Debtor did not just discover that he owned and operated a business for which income was derived and even *assuming- arguendo* that he would argue to the contrary, it would be a specious argument that would amount to a "Shibboleth", a specter of something not there. Its concealment was intentional and with the malicious intent to defraud his creditors. There could be no other plausible explanation for its concealment.

10.   This non-disclosure of such a key fact hinders the administration of justice and brings the integrity of the Bankruptcy System into disrepute which is in direct contradiction of the New Bankruptcy Laws.

### PURSUANT TO 11 U.S.C 1307(C)(2)[1] THE DEBTOR DOES NOT QUALIFY TO BE A CHAPTER 13 DEBTOR

11.   11 U.S.C. 1307(c) (2) provides that a Chapter 13 case may be dismissed or converted to a Chapter 7 "for cause", including bad faith.

12. In addition, "Bankruptcy Courts routinely treat dismissal for pre-petition bad-faith conduct as implicitly authorized by the words "for cause" *In re Love, 957 F.2d 1350 (7th Cir 1992).*, and a finding of bad-faith is equivalent

---

[1] Under section 1307, bankruptcy petitions filed under Chapter 13 may be dismissed or converted to Chapter 7 "for cause." Reasons constituting "cause" for dismissal include enumerated ones, such as unreasonable and prejudicial delay by the debtor or material default by the debtor, 11 U.S.C. § 1307(c)(1),(6), as well as judicially construed ones such as bad faith, *In re Love, 957 F.2d 1350 (7th Cir 1992).*

to a "ruling that the individual does not qualify as a Chapter 13 debtor". See, generally Marrama.

13. When a Debtor is found not to qualify as a Chapter 13 debtor because of bad-faith, courts have held that the Debtor is not "a member of the class of "honest but unfortunate debtor[s]" that the Bankruptcy laws were enacted to protect." Marrama quoting Grogan v. Garner, 498 U.S.279 at 289.

14. This case is ripe for conversion to a Chapter 7. Debtor has substantial equity in his property to cover all liens and judgments 100% and a review of the record reveals that Debtor cannot be a suitable candidate for a Chapter 13. Specifically the Debtor's secured creditor has already filed a Motion For Relief From Stay on the premise that the Debtor had not paid post petition payments, the Debtor conceded the allegations in a consent agreement. Moreover, the Chapter 13 Trustee has already alleged that the Debtor has failed to make post-petition payments thereby causing substantial harm to his creditors the debtor

15. As evident in the Creditor's proof of claim #6 exhibit, a recent appraisal of the debtor's primary residence was $367,000.00, Debtor currently list $268,900.00 in secured debts on his schedule D, $15,081.00 in Priority Claims on his Schedule E and $14769.00 in Unsecured Creditors on Schedule F of which $335,410.84 has already filed proof of claims prior to the bar date.

16. After Deductions of administrative expenses that would be paid to the Trustee and Realtor there is a substantial likely-hood that all Creditors

would be paid in accordance with their properly filed proof of claim. Notwithstanding, upon information and belief the current property value would sell for more in light of the fact that the market in the area of Debtor's home has appreciated substantially since the time of the appraisal.

17.     As stated in paragraph twelve (12) of this Motion and herein restated, The Secured Creditor has already filed a Motion Seeking Relief From the Automatic Stay due to the fact that the debtor is over $8,000.00 post petition in the arrears[2]. Debtor conceded[3] to the allegations raised in the creditors motion and have agreed to pay an additional $1,789.09 to the secured creditor.

18.     It is noteworthy that a review of the Secured Creditor's Wilshire Credit's proof of claim, one would be left to the conclusion that upon securing said loan on February 27, 2006, the Debtor has not made one (1)[4] payment to that creditor pre-petition and failed to also make timely payments post-petition. This further supports the Creditor's Motion that Debtor has filed this case in Bad Faith.

19.     There is a great probability that the Debtor will not be successful in his plan of reorganization mixed with the fact of his deliberate concealment of assets to his creditors with the intent to defraud those creditors.

### 11 U.S.C. 1325(A)(3) REQUIRES A CHAPTER 13 PLAN TO BE FILED IN GOOD FAITH

---

[2] See Docket Entry 29 Exhibit 2
[3] See Docket Entry 46
[4] See Creditor Proof of Claim page 2.

20. The Debtor's misstatements on his schedules shows an intentional disregard for the Rules of this Court and for the Court itself illustrates bad-faith and make him ineligible to be a Chapter 13 debtor.

21. Good faith is necessary for a Chapter 13 plan to be confirmed under section 1325(a). *In re Solomon, 67 F.3d 1128 (4th Cir. 1995); Neufeld v. Freeman, 794 F.2d 149 (4th Cir. 1986).* That section provides that plans may be confirmed only if "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

22. The Debtor by his very inaction and concealment lacks the good faith necessary for his Chapter 13 plan to be confirmed. The only legal alternative would be dismissal or conversion.

23. Pursuant to Maryland Local Bankruptcy Rule 9013-2, The Creditor is not filing a separate memorandum in support and relies solely upon this Motion.

## CONCLUSION

WHEREFORE, Premises Considered, The Creditor respectfully request that the Chapter 13 Case be Dismissed or in the Alternative Converted to Chapter 7 and for other and further relief as may be just and appropriate.

Respectfully Submitted,

**Demetrius Nickens**
2123 Maryland Ave
Baltimore, Maryland 21218

410-962-1066 x4090<br>
Creditor/Movant<br>
<b><u>DEADLINE TO FILE OBJECTION TO CREDITOR'S MOTION</u></b>

THE CREDITOR HAS FILED A MOTION TO DISMISS YOUR CASE OR IN THE ALTERNATIVE TO COVERT YOU'RE CASE TO A CASE UNDER CHAPTER 7. IF YOU WOULD LIKE THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION THAN WITHIN TWENTY (20) DAYS FROM THE DATE YOU RECEIVED THIS MOTION YOU MUST FILE A WRITTEN RESPONSE WITH THE COURT AND SERVE THE CREDITOR AT THE ADDRESS LISTED ABOVE. IF YOU FAIL TO TIMELY FILE A RESPONSE YOUR CASE WILL BE DISMISSED OR CONVERTED TO A CASE UNDER CHAPTER 7. IF YOU TIMELY FILE A RESPONSE THAN THE CLERK OF THE COURT SHALL SET THIS MATTER IN FOR A HEARING.

<b><u>CERTIFICATE OF SERVICE</u></b>

**I HEREBY CERTIFY** that the foregoing Motion To Dismiss Or In The Alternative To Convert To Chapter 7 has been mailed first class mail, postage prepaid on June 23rd, 2007 to: Debtor Gerald Burton, C/o Counsel via electronic notice, Chapter 13 Trustee, via electronic notice , U.S. Trustee's Office and American Home C/o Counsel via electronic notice and all creditors of record.

/s/ Demetrius Nickens<br>
Demetrius Nickens