UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| GERALD E. BURTON | * | Case No. 06-18349-<br>(Chapter 13) |
| | * | |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### AMENDED RESPONSE TO OBJECTION TO CLAIM

Deidre Burton-Turner (the "Claimant"), hereby files this Amended Response to objection to Claim and states as follows:

### FACTUAL STATEMENT:

The gravamen of this Objection to Claim concerns a factual dispute over whether the Debtor is current on child support and all attorneys fees incurred in the collection or pursuit/enforcement of child support, or whether the Debtor is delinquent. The Debtor is seriously delinquent.

This is a complex case involving a long history of evasion by the Debtor of his most basic responsibilities to pay child support, and to avoid long, extensive and expensive litigation over these obligations stretching back to at least early 2003. On or about October 7, 2003, the Circuit Court for Prince George's County, MD issued an oral ruling against the Debtor which was embodied in the Court's Order of February 13, 2004, which in material part granted the Claimant's Motion for Costs, Reasonable Expenses and Other Appropriate Relief against both the Debtor and present counsel, Robert. A. Ades & Associates, PC ("Ades") in the amount of $7,000.00 for costs and expenses incurred in the collection and pursuit of Child Support, which

was enrolled as a judgment against the Debtor and present counsel (the "2/13/04 Order")[1] These monies were never paid to the Claimant.

On or about June 7, 2004, the Circuit Court for Prince George's County, MD entered an Order modifying child support and establishing an attorney fee in favor of Claimant against the Debtor of $1,000.00 for child support collection/pursuit (the "6/7/04 Order"). These attorney's fees were never paid the Claimant.

On or about November 17, 2004, the Circuit Court for Prince George's County, MD entered an Order and Permanent Injunction against the Debtor, which found child support arrears as of October 29, 2004 in the amount of $4,942.58, and imposed attorneys fees against the Debtor of $1,851.00 arising out of child support collections (the "11/17/04 Order"). These monies were never paid by to the Claimant in full, and the attorney's fee was never paid.

On or about June 20, 2005, the Circuit Court entered an Order finding then current child support arrears as of June 10, 2005 to be $8,597.10, and finding the Debtor in "willful contempt" further imposing a $7,500.00 attorney fee and costs charge against the Debtor, and enrolling same as a judgment (the "6/20/05 Order"). These monies were never paid by the Claimant in full and the attorneys fees was never paid. In fact, ONLY upon the payment of $3,654.52 was the Debtor released from the Prince George's County Detention Center. A copy of the 02/13/04 Order, the 06/07/04 Order, the 11/17/04 Order the 06/20/04 Order, and the 06/20/05 Order are attached hereto and incorporated herein as **Exhibits A-D.**

A copy of spreadsheet, compiled by the Debtor's domestic attorney, is attached

---

[1]. The undersigned has been advised that the 2/13/04 Order was appealed by Ades as to the liability of Debtor's present counsel only, which the Claimant did not oppose out of cost concerns. No litigation reportedly occurred on this appeal as it was unopposed. Therefore, the liabilities established 2/13/04 Order were imposed upon the Debtor only.

hereto and incorporated herein, which demonstrates that the child support arrearage presently due is **_$3,803.48_** as of July 6, 2007, as **Exhibit E**.  For reasons that are unknown, the Child Support Enforcement Division has not updated their records in accordance with the Orders of the Circuit Court for Prince George's County, MD which is not surprising given the rather complex series of rulings the Debtor has imposed on the Claimant, the Circuit Court for Prince George's County, MD and not to mention this federal Bankruptcy Court.   These Orders and their cumulative effect were discussed with the undersigned with counsel for the Debtor on July 12, 2007, who understandably in light of the proof of claim filed by Prince George's County, MD

Secondly, it is apparent from the collective Exhibits A-D that the Debtor has been charged with **_$17,351.00_** in attorneys fees and costs collectively in this proceeding and that such fees are accruing each day respective to this counsel's efforts as well as domestic counsel's efforts, which shall be the subject of an amended proof of claim.  Any attorneys fees assessed against the Debtor by final Orders of the Circuit Court are, of course, not reviewable under the Rooker-Feldman Doctrine.  This, of course, does not apply to the $7,000.00 which was assessed against Ades who is presently Debtor's counsel as Ade's obtained an appellate Order dissolving such fees against him while his client the Debtor remains liable.

## **LEGAL BASIS:**

It is long standing precedent in this district that attorneys fees and costs incurred in the collection of child support are actually in the nature of child support under 11 U.S.C. § 523(a)(5) and formerly 11 U.S.C. § 507(a)(7).  <u>See, eg, In re Blaemire</u>, 229 B.R. 665 (Bankr. D. Md. 1999); <u>In re Levin</u>, 306 B.R. 158 (Bankr. D. Md. 2004).  Of course, with the advent of BAPCPA and the concept of a Domestic Support Obligation ("DSO"), the priority of such a debt

has now become a first priority debt under 11 U.S.C. § 507(a)(1).

## \CONCLUSION:

Thus, the Debtor presently owes the sum of $21,154.48 ($17,351.00 and $3,803.48 )as pre-petition DSO, and such obligations continue as counsel continue to incur fees and costs, which will be the subject of an amended proof of claim.

For the foregoing reasons and those which may be supplemented, the Claimant requests that the Objection to Claim be DENIED.

Respectfully Submitted,

----------/S/  John D. Burns-----------
_____
John D. Burns, Esquire (#22277)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780

Counsel for the Claimant

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 13th day of July, 2007, a copy of the foregoing Claimant's Amended Response, was served via first-class mail, postage prepaid or by ECF upon:

                Office of the United States Trustee
                6305 Ivy Lane, Suite 600
                Greenbelt, Maryland 20770

Charles P. Bowers, Esquire
Robert Ades Law Firm
4301 Garden City Drive; Suite 300
Landover, MD 20785

Timothy Branigan, Esquire
POB 1902
Laurel, MD 20725

                ---------/S/ John D. Burns-----------
                _____
                John D. Burns