IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
Greenbelt Division

IN RE:                        *         Chapter 13
   GERALD BURTON              *         Case No.: 06-18349
      Debtor
                              *

\* \* \* \* \* \* \* \* \* \* \* \*

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

NOW COMES, Demetrius C. Nickens, and hereinafter referred to as "Creditor", in proper person and files this Objection to Confirmation of Chapter 13 Plan and in support alleges:

1.   The Debtor commenced this voluntary case under Chapter 13 of the Bankruptcy Laws on December 21st, 2006 in the U.S. Bankruptcy Court for the District of Maryland Greenbelt Division.

2.   A review of the Debtor's schedules reveals several misstatements regarding his income and also with respect to businesses that he has an interest in.

3.   Debtor is the owner and operator of Burton and Burton Process Servers **aka** B & B Process Servers which is in the business of collection of past due judgments and service of process for attorneys.

4.   The Debtor has not listed his interest in the business nor has he listed the income that he receives from said business on his schedules as required by the rules.

5.   Secondly, Debtor's schedule "I" is void of any positive income to propose a viable plan. Currently Debtor schedules reflect a negative cash flow income of over $2,000.00. No plan could possibly be feasible when debtor clearly lacks the financial ability to pay any creditor within the plan. Upon information and belief the Debtor has not paid the Trustee since May of 2007.

6. Although the term "good faith" is not defined in the Code, it has been described "'as a juridical tool of remarkable flexibility' . . . by which the Court measures intent." In re Klevorn, 181 B.R. 8, 10 (Bankr. N.D.N.Y. 1995) (B.J. Gerling) (quoting In re Heard, 6 B.R. 876, 883 (Bankr. W.D. Ky. 1980)). In determining whether a petition is filed in good faith or a plan is proposed in good faith, courts must consider the "totality of the circumstances." In re Goeb, 675 F.2d 1386, 1391 (9th Cir. 1982). The bankruptcy court's analysis must include an inquiry of whether the debtor has "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner." Klevorn, 181 B.R. at 10 (quoting Goeb, 675 F.2d at 1390). "The court must make its good-faith determination in the light of all militating factors." Id. Technical compliance with the Code alone is not sufficient to establish good faith. The debtor must also be able to demonstrate that he has invoked the reorganization provisions of the Code "with the purpose of accomplishing the aims and objections of the bankruptcy philosophy and policy. Clearly in this case the Debtor has failed his burden of proof and his plan should not be confirmed.

WHEREFORE, Creditor respectfully request that this Court Deny Confirmation Without Leave To Amend.

Respectfully Submitted,

**Demetrius Nickens**
2123 Maryland Ave
Baltimore, Maryland 21218
410-962-1066 x4090
Creditor/Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Objection to Confirmation of Chapter 13 Plan has been mailed first class mail, postage prepaid on July 29, 2007 to: Debtor Gerald Burton, C/o Counsel via electronic notice, Chapter 13 Trustee, via electronic notice , U.S. Trustee's Office and American Home C/o Counsel via electronic notice and all creditors of record.

**Demetrius Nickens**