IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
Greenbelt Division




| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| GERALD BURTON | * | Case No.: 06-18349 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO DEBTOR'S RESPONSE TO MOTION TO DISMISS OR IN THE ALTERNATIVE TO CONVERT TO CHAPTER 7

NOW COMES, Demetrius C. Nickens , and hereinafter referred to as "Creditor", in proper person and files this Response to Debtor's Response to Creditor's Motion To Dismiss Case or In The Alternative Convert Case To Chapter 7 and in support alleges:

1. Debtor correctly states that the above captioned case was filed on December 21st, 2006.

2. Debtor asserts by his Response that the Chapter 13 plan was filed in good faith.

3. Debtor has not objected to the proof of claim of the creditor as stated in its response and nor has he filed any subsequent objections to Creditors transfer request. The Debtor Response to Creditors Motion to Dismiss is not an objection to creditor's proof of claim and should not be treated as such.

4. Debtor boldly states that all creditors have agreed with the amount that he has claimed as income, that I should have shown up to the 341 Meeting of Creditors. To the contrary at least one creditor has filed an objection to Debtor's Confirmation stating several factual allegations against the Debtor[1]. Creditor became aware of this case

---

[1] The Court has not yet ruled on the substance of Creditor's Objection to Confirmation nor the Debtor's Objection to Proof of Claim as of the time this response was filed.

through preparation for legal action against the Debtor for his failure to pay the unpaid invoices. Creditor immediately filed the necessary proof of claim in the case and noticed his appearance in the matter, therefore putting the Debtor and this Court on notice of his claim.

5.  The Debtor has a duty to notify his creditors regarding "any" and "all" income received so that a viable and acceptable plan may be proposed for distribution. What the Creditor finds bizarre is the fact that the Debtor would perpetuate that he is acting in good faith, when clearly his conduct before and after this case has been filed speaks to the contrary. More specifically, as attached in creditors Motion to Dismiss, Exhibits A and B, it reflects multiple creditors who debtor also failed to notice of his bankruptcy filing, his lack of adequate protection payments to his mortgage company, his failure to pay the mortgage after incurring said debt and clearly his omission from his schedules the fact that his owns and operates B & B Processing Service. The fact that he may or may not have disclosed this information at the meeting of creditors is of no consequence. Completing accurate schedules places the Creditors and the Courts on notice and any omission thereto give rise to bad faith, and as of the date of this writing Debtor have yet to amend his schedules.

6.  In his response to Creditor's Motion To Dismiss, Counsel for the Debtor stated that the Trustee was aware of B & B Processing Service and was satisfied with testimony of the Debtor at the 341 Meeting of Creditors. Debtor's counsel has failed to attach any documentation supporting this bold statement. Moreover, as Counsel well knows pursuant to the new bankruptcy rules she is responsible for making reasonable inquires into the information placed on the petition. I would argue that counsel had a

fiduciary duty as a debt relief agency[2] to list this information if she had actual knowledge and such omission violates 11 U.S.C. 526(a)(2) which sets forth that:

(a) A debt relief agency shall not—

> (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue and misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;

I would further argue that debtor's counsel's omission of this information violates this statue.

7. Debtor's Exhibit's "1" and "2" are laughable and misleading to say the least. He would have the court to believe that Ausim Title LLC hired the services of the Creditor to perform an appraisal and title work. This statement also lacks creditability and for several reasons. The Debtor was referred **[emphasis added]** to "Creditor" by Ausim Title LLC for the refinance of his current home. At the time of the application an appraisal was ordered per Debtor's request and he agreed to furnish payment upon demand directly to appraiser. Creditor had assumed that the Debtor had paid the bill until Creditor started receiving collection calls from the Appraiser stating that the Debtor never paid. Creditor's assistant "Rosita Rennick" contacted the Debtor on numerous occasions to find out what the status of the payment would be; his response has been "I Mailed off the Check Yesterday". We advised the appraiser that his check was in the mail and

---

[2] "Debt Relief Agency" is defined in § 101(12A).

The term "debt relief agency" means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration **[emphasis added]**, or who is a bankruptcy petition preparer under Section 110 . . . .

received no more calls. We then started receiving calls stating that the Debtor had not paid, Mrs. Rennick again contacted Mr. Burton who advised that the check had already been mailed. We attempted collections on Mr. Burton on several occasions. More specifically, Mr. Burton has also contacted our offices on numerous occasions with the promise of payment, but now conveniently states that he never agreed to pay for services. Debtor conduct now exposes Creditor to personal and professional liability. It is noteworthy to mention that the Debtor amended his schedule F to include Ausim Title LLC as a Creditor even though his response states that he was told he did not have to pay for services. This is another deliberate attempt by the Debtor to indulge in blatant distortions of logic and abstruse legal reasoning.

8.   Debtor's Response is "Void" of any legal argument or explanation about ;why he has omitted the relevant and pertinent facts pertaining to B & B Processing Service, why he has not amended his schedules to reflect the income from such business and why he has failed to notice his many creditor's that he has filed for relief under the bankruptcy law[3]. The Debtor has filed such a vague and ambiguous response with the intention that this Court would turn a blind eye to his omission of pertinent facts and allow his bankruptcy to proceed uninterrupted.

9.   Good faith is necessary for a Chapter 13 plan to be confirmed under section 1325(a). *In re Solomon, 67 F.3d 1128 (4th Cir. 1995); Neufeld v. Freeman, 794 F.2d 149 (4th Cir. 1986).* That section provides that plans may be confirmed only if "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

---

[3] Surely a Debtor filing a Bankruptcy in **"Good Faith"** as alleged by **Mr. Burton** would want to pay all his Creditors and not deprived them of an opportunity to get paid.

10.     In addition to failing to properly notify this Court of his Business B & B Processing Services, The Debtor has failed to notify creditors of his bankruptcy filing depriving those creditors of an opportunity to file a claim and seek repayment of their respective debts. Some creditors may be treated as "Secured Creditors" based on the fact that they are judgments on debtor's real property. How could Debtor attempt to argue that he has filed this case with clean hands? He cannot! Debtor has failed to meet his burden of proof that he has filed his Chapter 13 in good faith; his response fails to raise any creditable argument to refute Creditor's Motion.

11.     Finally, I would argue that the Creditors would be prejudiced by the Debtor being allowed to maintain a Chapter 13 case. More specifically, debtor proposes to pay claims over a period of five (5) years instead of three (3) years without providing creditor any information on the income receive by B & B. I would argue that in order for a plan to be confirmed for a period of five (5) years debtor would need to show his financial records from B & B Processing Service and amend his schedules accordingly.

12.     Simultaneously with the filing of this response the Creditor has also filed an Objection to Confirmation of Chapter 13 Plan.

**WHEREFORE, Creditor Request:**
A.     That his Motion To Dismiss Be Granted;

B.     For Such Other and Further Relief As May Be Just.

Respectfully Submitted,

**Demetrius Nickens**
2123 Maryland Ave
Baltimore, Maryland 21218
410-962-1066 x4090
Creditor/Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Response has been mailed first class mail, postage prepaid on July 29, 2007 to: Debtor Gerald Burton, C/o Counsel via electronic notice, Chapter 13 Trustee, via electronic notice, U.S. Trustee's Office and American Home C/o Counsel via electronic notice and all creditors of record.

_____
Demetrius Nickens